IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

FILED CLERK
U.S. DISTRICT COURT

2006 AUG 16  PM 4: 47

TEXAS EASTERN

BY_____

DEEPNINES, INC.,

              Plaintiff,

v.

MCAFEE, INC.

              Defendant.

CIVIL ACTION NO. 9: 06 cv 174

JURY DEMANDED

## ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff DeepNines, Inc. ("DeepNines"), by and through the undersigned attorneys, hereby file this Complaint requesting damages and injunctive relief upon personal knowledge as to its own acts and circumstances and upon information and belief as to the acts and circumstances of others as follows:

### PARTIES

1.     Plaintiff DeepNines is a Delaware Corporation with its principal place of business at 14643 Dallas Parkway, Suite 150, LB 76, Dallas, Texas 75254-8801. Among other things, DeepNines is engaged in the design and sale of products that provide network and host computer security.

2.     Defendant McAfee, Inc. ("McAfee") is a Delaware Corporation with its principal place of business at 3965 Freedom Circle, Santa Clara, California 95054. Service upon McAfee may be made by serving its registered agent for service of process, CT Corporation System, 818 West Seventh Street, Los Angeles, California, 90017.

## JURISDICTION AND VENUE

3.      This action arises under the Patent Laws of the United States, 35 U.S.C. §
101 *et seq.* and is being brought to redress the infringement of United States Patent No.
U.S. Patent No. 7,058,976 (the "'976 Patent"), which is owned by DeepNines, a copy of
which is attached as Exhibit "A" and incorporated herein by reference.  Accordingly,
subject matter jurisdiction over this cause of action is conferred upon this Court pursuant
to 28 U.S.C. §§ 1331 and 1338.

4.      Defendant McAfee has a regular and established place of business within
this judicial district, to wit: McAfee, Inc., 5000 Headquarters Drive, Plano, Texas 75024.
Additionally, upon information and belief, McAfee has offered products for sale within
this judicial district that infringe one or more claims of the '976 Patent.  This Court
therefore has personal jurisdiction over Defendant, and venue is proper in this judicial
district under 28 U.S.C. §§ 1391(b), (c) and 1400(b).

## BACKGROUND

7.      On May 17, 2000, Susan Pittman-Dark filed U.S. Patent Application Ser.
No. 09/572,112 (the "'112 Application").

8.      On June 29, 2001, James S. Magdych, et al. filed U.S. Patent Application
Ser. No. 09/895,500, which issued as U.S. Patent No. 6,513,122 (the "'122 Patent") on
January 28, 2003.  The '122 Patent is assigned on its face to Network Associates
Technology, Inc. ("NAI").

9.      Shortly after the '122 Patent issued, in April 2003, DeepNines, the
assignee of the '112 Application (and ultimately the assignee of the '976 Patent)
provoked an interference action alleging that DeepNines, as a result of the subject matter

disclosed by the '112 Application, was entitled to claim the subject matter claimed by the '122 Patent, and that the '122 Patent was therefore invalid. The United States Patent and Trademark Office ("PTO") declared the interference on November 15, 2004, and assigned the interference to the Board of Patent Appeals and Interferences, with Administrative Patent Judge Jameson Lee managing the interference.

10.     Upon information and belief, NAI legally changed its name to McAfee, Inc. on July 1, 2004.

11.     On March 24, 2005, the Board of Patent Appeals and Interferences declared the '122 Patent invalid based on McAfee's concession of priority to the subject matter claimed in the '122 Patent to the '112 Application.

12.     Upon information and belief, McAfee had actual knowledge of the subject matter of the '112 Application as early as April 2003, when DeepNines initially attempted to provoke the interference.

13.     Upon information and belief, McAfee has marked and continues to mark its infringing products with the patent number of the '122 Patent despite its having been declared invalid and despite knowledge by McAfee that the claims of the former '122 Patent were issued as part of DeepNines' '976 Patent.

14.     McAfee marked its products with the patent number of the invalid '122 Patent despite actual knowledge that the '122 Patent was invalid.

15.     After McAfee's '122 Patent was declared invalid, McAfee cited numerous alleged prior art references to the Examiner of the '112 Application, which constituted, upon information and belief, an attempt by McAfee to prevent the '976 Patent from issuing as a United States Patent.

16.     Despite McAfee's efforts to the prevent issuance of the '112 Application, the USPTO duly and legally issued the '976 Patent on June 6, 2006, and entitled "Intelligent Feedback Loop Process Control System." The '976 Patent is assigned to DeepNines, Inc.

16.     McAfee marks at least nine separate products with the patent number of the now-invalid '122 Patent. Those products include various versions and releases of McAfee Intrushield®, McAfee Entercept®, McAfee Total Protection for Enterprise, McAfee Total Protection for Small Business, and other McAfee products (collectively, "the Accused Products").

17.     Upon information and belief, McAfee is making, using, selling, offering for sale, and/or importing Accused Products in the United States that infringe one or more claims of the '976 Patent.

18.     McAfee's Accused Products compete directly with products offered for sale by DeepNines.

19.     McAfee's infringing activities are causing irreparable harm to DeepNines.

## COUNT 1
## INFRINGEMENT OF U.S. PATENT NO. 7,058,976

20.     DeepNines incorporates and realleges the foregoing paragraphs as if fully set forth at length.

21.     DeepNines is the owner of all right, title, and interest in and to the inventions set forth in the claims of the '976 Patent.

25.     Upon information and belief, McAfee is making, using, offering to sell, and selling products that infringe one or more claims of the '976 Patent.

26.     Defendant has profited through infringement of the claims of the '976 Patent. As a result of Defendant's unlawful infringement of the '976 Patent, DeepNines has suffered, and will continue to suffer, damages.

27.     As evidenced by its participation in the interference action, McAfee had full and explicit knowledge of the claims of the '976 Patent as early as April 2003, and likely had this knowledge earlier than that date.  McAfee has manufactured and sold infringing products with actual knowledge of DeepNines' valid '976 Patent, and has therefore willfully infringed since at least that date, making this case exceptional pursuant to 35 U.S.C. §§ 284 and 285 and entitling DeepNines to enhanced damages and reasonable attorneys' fees, as well as a reasonable royalty pursuant to 35 U.S.C. § 156 due to McAfee's actual knowledge of the '112 Application prior to the issuance of the '976 Patent.

28.     Upon information and belief, Defendant intends to continue its unlawful infringing activity unless enjoined by this Court.

### COUNT 2
### FALSE MARKING

29.     DeepNines incorporates and realleges the foregoing paragraphs as if fully set forth at length.

30.     Upon information and belief, McAfee marks upon, affixes to, or uses in advertising an invalid patent number (the invalid patent number of the '122 Patent) in conjunction with the Accused Products in violation of 35 U.S.C. § 292, with full knowledge of the invalidity of the '122 Patent.

31.     Upon information and belief, McAfee falsely marks the Accused Products with the patent number of the invalid '122 Patent for the purpose of deceiving the public.

## DEMAND FOR TRIAL BY JURY

32. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, DeepNines prays that the Court enter judgment against Defendant for the following:

(1)     A decree that the '976 Patent is infringed by McAfee;

(2)     A preliminary and permanent injunction enjoining and restraining McAfee and its officers, agents, servants, employees, and attorneys, and those in active concert or participation with them who receive actual notice of the order granting the injunction by personal service or otherwise, from making, using, offering to sell, selling, and importing into the United States any product which falls within the scope of any claim of the '976 Patent;

(3)     An award of damages;

(4)     An award of exemplary damages;

(5)     An award of all costs of this action, including attorneys' fees and pre-judgment and post-judgment interest;

(6)     Such other and further relief, at law or in equity, to which DeepNines and is justly entitled.

Respectfully submitted,


By: _Thomas M. Melsheimer_ *by permission Robert M. Parker*

Thomas M. Melsheimer
txm@fr.com
Texas Bar No. 13922550
M. Brett Johnson
mbj@fr.com
Texas Bar No. 00790975
Decker A. Cammack
dmc@fr.com
Texas Bar No. 24036311
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)

Robert M. Parker
rmpmediations@cox-internet.com
Texas Bar No. 15498000
**Parker & Bunt, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
(903) 531-3535 (Telephone)
(903) 533-9687 (Facsimile)

*Counsel for Plaintiffs*
**DEEPNINES, INC.**


**Of Counsel for Plaintiffs:**

Barry K. Shelton
bks@fr.com
California Bar No. 199307
**Fish & Richardson P.C.**
One Congress Plaza, Suite 810
111 Congress Avenue
Austin, Texas 78701
(512) 472-5070 (Telephone)
(512) 320-8935 (Facsimile)