UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| DEEP NINES, INC., | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | CASE NO. 9:06-CV-174-RC |
| | § | |
| MCAFEE, INC., | § | |
|     Defendant. | § | |

**DEFENDANT MCAFEE, INC.'S FIRST AMENDED
ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S
FIRST AMENDED COMPLAINT AND JURY DEMAND**

Defendant and Counterclaimant McAfee, Inc., ("McAfee"), responds to Plaintiff's First Amended Complaint as follows:

**PARTIES**

1. McAfee is without sufficient information to admit or deny the allegations in paragraph 1.

2. McAfee admits that it is a Delaware Corporation with a principal place of business in Santa Clara, California. McAfee further admits that it has an agent for service of process in Los Angeles, California.

**JURISDICTION AND VENUE**

3. McAfee admits that the court has subject matter jurisdiction over Plaintiff's claims for patent infringement. McAfee denies that it has infringed upon United States Patent No. 7,058,976 (the "'976 Patent"). Except as expressly admitted, McAfee otherwise denies the remaining allegations in paragraph 3.

4. McAfee admits that venue is proper in this judicial district under 28 U.S.C. § 1400(b), but denies that that venue is proper under 28 U.S.C. § 1391(c). McAfee

further denies that its products sold within the judicial district, or anywhere else, infringe on the '976 patent, or that it has committed any act of infringement within this judicial district or elsewhere.  McAfee admits that the court has personal jurisdiction over it.  McAfee further admits that it has a place of business in Plano, Texas.  Except as expressly admitted, McAfee denies all other allegations in paragraph 4.

## BACKGROUND

5. Plaintiff's First Amended Complaint did not have a paragraph number 5.

6. Plaintiff's First Amended Complaint did not have a paragraph number 6.

7. McAfee admits that the '976 patent, as attached to Deep Nine's Complaint, on its face indicates that U.S. Patent Application Ser. No. 09/572,112 was filed on May 17, 2000 and that the named inventor is Susan Pittman Dark.  McAfee is without sufficient information to admit or deny the remaining allegations in paragraph 7, and therefore denies the same.[1]

8. McAfee admits that U.S. Patent No. 6,513,122 (the "'122 patent") on its face indicates that U.S. Patent Application Ser. No. 09/895,500 was filed on June 29, 2001 and the patent issued on January 28, 2003 with James S. Magdych *et al.* as the named inventors.  Further, McAfee admits that the '122 patent notes that the patent was assigned to Networks Associates Technology, Inc. McAfee denies the remaining allegations in paragraph 8.

9. McAfee admits that Deep Nines filed a Fourth Preliminary Amendment (signed December 18, 2003) in an attempt to put then-pending claims 75-87 into

---

[1] Plaintiff's Original and First Amended Complaints failed to include paragraph numbers 5 and 6, contain two paragraphs numbered 16, and omit paragraph numbers 22, 23, 24. McAfee answers the Plaintiff's allegations as numbered by Plaintiff.

**DEFENDANT MCAFEE, INC.'S FIRST AMENDED ANSWER TO**
**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND                    PAGE 2**

interference with respect to the '122 patent. McAfee further admits that the United States Patent and Trademark Office ("PTO") declared an interference on November 15, 2004 and assigned Administrative Patent Judge Jameson Lee to manage the interference. McAfee further admits that Board of Patent Appeals and Interferences ordered that Magdych, *et. al.* are not entitled to claims 1-12 of the involved Patent No. 6,513,122. The Board of Patent Appeals and Interferences ordered that the application naming Susan Dark as an inventor go back to the Examiner with a specific requirement to Deep Nines to disclose an invalidity brief filed by McAfee during the interference along with all accompanying prior art and exhibits for the Examiner's consideration. The claims of the Deep Nines application were thereafter all amended during post interference prosecution to address prior art. Except as expressly admitted, McAfee otherwise denies the remaining allegations in paragraph 9.

10. McAfee admits that "Networks Associates Technology, Inc." merged with and into "McAfee, Inc." under the name of "McAfee, Inc.". McAfee denies the remaining allegations in paragraph 10.

11. McAfee admits that Board of Patent Appeals and Interferences ordered that Magdych, *et al.* are not entitled to claims 1-12 of the involved Patent No. 6,513,122. Except as expressly admitted, McAfee otherwise denies the remaining allegations in paragraph 11.

12. McAfee denies the allegations in paragraph 12.

13. McAfee denies the allegations in paragraph 13.

14. McAfee denies the allegations in paragraph 14.

15. McAfee admits that it cited several prior art references to the '976 patent for consideration by the PTO. McAfee denies any remaining allegations in paragraph 15.

16. (the first paragraph 16) McAfee admits that the '976 Patent, on its face, indicates that it was issued on June 6, 2006 and further indicates that it was assigned to Deep Nines, Inc. McAfee denies the remaining allegations in paragraph 16 (first).

16. (the second paragraph 16) McAfee denies the allegations in paragraph 16 (second).

17. McAfee denies the allegations in paragraph 17.

18. McAfee denies the allegations in paragraph 18.

19. McAfee denies the allegations in paragraph 19.

## COUNT 1
## INFRINGEMENT OF U.S. PATENT NO. 7,058,976

20. McAfee hereby incorporates by reference its answers to paragraphs 1-20 (as numbered by Plaintiff) of Plaintiff's First Amended Complaint.

21. McAfee is without sufficient information to admit or deny the allegations in paragraph 21.

22. Plaintiff's First Amended Complaint did not have a paragraph number 22.

23. Plaintiff's First Amended Complaint did not have a paragraph number 23.

24. Plaintiff's First Amended Complaint did not have a paragraph number 24.

25. McAfee denies the allegations in paragraph 25.

26. McAfee denies the allegations in paragraph 26.

27. McAfee denies the allegations in paragraph 27. McAfee further denies that Deep Nines is entitled to any damages, including reasonable royalty, enhanced damages, and/or attorneys' fees.

28. McAfee denies the allegations in paragraph 28 and denies that Plaintiff is entitled to injunctive relief.

### COUNT 2
### FALSE MARKING

29. McAfee hereby incorporates by reference its answers to paragraphs 1-20 (as numbered by Plaintiff) of Plaintiff's First Amended Complaint.

30. McAfee denies the allegations in paragraph 30.

31. McAfee denies the allegations in paragraph 31.

### DEMAND FOR TRIAL BY JURY

32. McAfee also demands a trial by jury.

### PRAYER FOR RELIEF

33. McAfee opposes the relief requested or any other relief Deep Nines may request.

### DENIAL OF ANY REMAINING ALLEGATIONS

34. Except as specifically admitted herein, McAfee denies any remaining allegations in Plaintiff's First Amended Complaint.

### AFFIRMATIVE DEFENSES

Incorporating by reference the foregoing paragraphs in their entirety, McAfee, as its Affirmative Defense to the First Amended Complaint of Deep Nines, states as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

35. Plaintiff's claims for relief and each and every one of its allegations fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (No Infringement)

36. McAfee does not infringe and has not infringed any valid and enforceable claim of the '976 patent.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

37. Claims of the '976 patent are invalid for failure to satisfy the conditions for patentability set forth in the Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103 and 112.

### FOURTH AFFIRMATIVE DEFENSE
### (Laches)

38. Plaintiff's claims are barred, in whole or in part, by laches.

### FIFTH AFFIRMATIVE DEFENSE
### (Waiver)

39. Plaintiff's claims are barred, in whole or in part, by waiver.

### SIXTH AFFIRMATIVE DEFENSE
### (Estoppel)

40. Plaintiff's claims are barred, in whole or in part, by estoppel.

### SEVENTH AFFIRMATIVE DEFENSE
### (Notice)

41. Plaintiff's claims are limited by 35 U.S.C. § 287.

## EIGHTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

42. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE
### (Inequitable Conduct)

43. In March 2005, while the '976 patent application was pending but before it issued, McAfee notified Deep Nines of at least the following references: U.S. Patent No. 6,275,942; "Infrastructure for Intrusion Detection and Response" (January, 1, 2000); PCT Publication No.: WO/00034867A1; U.S. Patent No. 5,919,258; U.S. Patent No. 6,253,337 (hereinafter "Prior Art References").

44. Each of the Prior Art References has an earlier effective date than May 17, 2000, the filing date of the '976 patent, and each reference is prior art to the '976 patent.

45. Deep Nines did not submit any of the Prior Art References to the U.S. Patent Office on or before June 6, 2006, the issue date of the '976 patent.

46. The '976 patent is unenforceable due to inequitable conduct. On information and belief, while prosecuting the '976 patent application, Deep Nines and those involved in the prosecution of the '976 patent application intentionally withheld and/or failed to provide material information regarding one or more of the following pieces of information with the intent to deceive the U.S. Patent Office:

    a. U.S. Patent No. 6,275,942

    b. U.S. Patent No. 5,919,258

    c. U.S. Patent No. 6,253,337

    d. PCT Publication No.: WO/00034867A1

    e. "Infrastructure for Intrusion Detection and Response" (January, 1, 2000)

## RESERVATION OF AFFIRMATIVE DEFENSES

47. McAfee hereby reserves the right to supplement with additional affirmative defenses as discovery proceeds in this matter.

## COUNTERCLAIMS

Incorporating by reference the foregoing paragraphs in their entirety, McAfee asserts the following counterclaims against Plaintiff:

## PARTIES

48. Counterclaim Plaintiff is a Delaware Corporation with a principal place of business in Santa Clara, California.

49. On information and belief, based on Deep Nines Amended Complaint, Counterclaim Defendant Deep Nines is a Delaware Corporation with its principal place of business in Dallas, Texas.

## JURISDICTION

50. This counterclaim arises under the patent laws of the United States as enacted under Title 35 of the United States Code and the provisions of the Federal Declaratory Judgment Act. The jurisdiction of this Court is proper under 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

## VENUE

51.　Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

## COUNT I – DECLARATION OF NON-INFRINGEMENT

52.　Based on Deep Nines' filing of this action and McAfee's Affirmative Defenses, an actual controversy has arisen and now exists between Deep Nines and McAfee as to whether McAfee has infringed or is infringing U.S. Patent No. 7,058,976 ("the '976 patent").

53.　Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, McAfee requests the declaration of the Court that McAfee does not infringe and has not infringed any valid and enforceable claim of the '976 patent.

## COUNT II – DECLARATION OF PATENT INVALIDITY

54.　Based on Deep Nines' filing of this action and McAfee's Affirmative Defenses, an actual controversy has arisen and now exists between Deep Nines and McAfee as to the validity of the '976 patent.

55.　Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, McAfee requests the declaration of the Court that the '976 patent is invalid.

## COUNT III – DECLARATION OF PATENT UNENFORCEABILITY

56.　Based on Deep Nines' filing of this action and McAfee's Affirmative Defenses, an actual controversy has arisen and now exists between Deep Nines and McAfee as to the enforceability of the '976 patent.

57. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, McAfee requests the declaration of the Court that the '976 patent is unenforceable.

## COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 6,742,128

58. McAfee owns all title and interest in U.S. Patent No. 6,742,128 ("the '128 Patent") attached as Exhibit A, entitled "Threat Assessment Orchestrator System and Method," issued May 25, 2004.

59. Upon information and belief, Deep Nines has been and is infringing the '128 Patent, has been and is contributing to the infringement of the '128 Patent, and/or has been and is actively inducing others to infringe the '128 Patent by its actions and conduct that constitute direct and/or indirect infringement under 35 U.S.C. § 271 with respect to products and techniques that practice the invention claimed in the '128 Patent, including without limitation, Deep Nines' Security Edge Platform: .9s Edge Series, and accompanying products.

60. Upon information and belief, Deep Nines' acts of patent infringement of the '128 Patent were, and continue to be, willful and deliberate as of at least October 27, 2006, the date that McAfee asserted the '128 Patent in its Counterclaim (CPN 19).

61. McAfee is entitled to the full extent of damages under 35 U.S.C. § 284.

62. Under 35 U.S.C. § 283 McAfee is entitled to a permanent injunction against further infringement.

## COUNT V – INFRINGEMENT OF U.S. PATENT NO. 7,093,292

63. McAfee owns all title and interest in U.S. Patent No. 7,093,292 ("the '292 Patent") attached as Exhibit B, entitled "System, Method and Computer Program Product for Monitoring Hacker Activities," issued August 15, 2006.

64. Upon information and belief, Deep Nines has been and is infringing the '292 Patent, has been and is contributing to the infringement of the '292 Patent, and/or has been and is actively inducing others to infringe the '292 Patent by its actions and conduct that constitute direct and/or indirect infringement under 35 U.S.C. § 271 with respect to products and techniques that practice the invention claimed in the '292 Patent, including without limitation, Deep Nines' Security Edge Platform: .9s Frontline Series, and accompanying products.

65. Upon information and belief, Deep Nines' acts of patent infringement of the '292 Patent were and continue to be willful and deliberate as of at least October 27, 2006, the date that McAfee asserted the '292 Patent in its Counterclaim (CPN 19).

66. McAfee is entitled to the full extent of damages under 35 U.S.C. § 284.

67. Under 35 U.S.C. § 283 McAfee is entitled to a permanent injunction against further infringement.

## COUNT VI – INFRINGEMENT OF U.S. PATENT NO. 6,275,942

68. McAfee owns all title and interest in U.S. Patent No. 6,275,942 ("the '942 Patent") attached as Exhibit C, entitled "System, Method and Computer Program Product for Automatic Response to Computer System Misuse Using Active Response Modules," issued August 14, 2001.

69. Upon information and belief, Deep Nines has been and is infringing the '942 Patent, has been and is contributing to the infringement of the '942 Patent, and/or has been and is actively inducing others to infringe the '942 Patent by its actions and conduct that constitute direct and/or indirect infringement under 35 U.S.C. § 271 with respect to products and techniques that practice the invention claimed in the '942 Patent, including without limitation, Deep Nines' Security Edge Platform: .9s BBX Series, and accompanying products.

70. McAfee is entitled to the full extent of damages under 35 U.S.C. § 284.

71. Under 35 U.S.C. § 283 McAfee is entitled to a permanent injunction against further infringement.

72. As stated above, McAfee notified Deep Nines regarding McAfee's '942 patent in March 2005. Thus, Deep Nines had full knowledge of the '942 patent at least as early as March 2005, if not earlier. On information and belief, Deep Nines' infringement is willful and occurred with the knowledge of the '942 patent, making this case exceptional pursuant to 35 U.S.C. § 285 and entitling McAfee to enhanced damages and attorneys' fees.

## JURY DEMAND

73. McAfee respectfully demands a trial by jury.

## PRAYER FOR RELIEF

McAfee respectfully requests a judgment against Deep Nines as follows:

   A. A declaration that McAfee does not infringe and has not infringed any valid and enforceable claim of the '976 Patent;

B. A declaration that the '976 Patent is invalid and not enforceable;

C. That Deep Nines take nothing by its First Amended Complaint;

D. That the Court enter judgment against Deep Nines and in favor of McAfee and that Deep Nine's First Amended Complaint be dismissed with prejudice;

E. That the Court enter a judgment that Deep Nines infringes McAfee's '128, '292, and '942 Patents;

F. That the Court enter a judgment that Deep Nines is liable for contributory infringement and inducement of infringement of McAfee's '128, '292, and '942 Patents;

G. That the Court enter a judgment that Deep Nines' infringement of the '128, '292, and '942 Patents has been, and continues to be, willful and deliberate;

H. That the Court award McAfee damages to compensate for Deep Nines' patent infringement of McAfee's '128, '292, and '942 Patents, including pre and post judgment interest;

I. That the Court grant McAfee a permanent injunction against Deep Nines to prevent further patent infringement;

J. That the Court enter a judgment that this is an exceptional case under 35 U.S.C. § 285 and enter a judgment awarding McAfee its costs and reasonable attorneys' fees; and

K. That the Court grant McAfee whatever further relief the Court may deem just and proper.

Respectfully submitted,

/s/ Keith A. Rutherford
Harold H. Walker, Jr.
Lead Counsel
State Bar No. 20702200
hwalker@rosewalker.com
Martin E. Rose
State Bar No. 17253100
mrose@rosewalker.com
Leane C. Medford
State Bar No. 00796301
lmedford@rosewalker.com
**ROSE●WALKER, L.L.P.**
3500 Maple Avenue, Suite 900
Dallas, Texas 75219
Telephone:  (214) 752-8600
Fax:  (214) 752-8700

Danny L. Williams
State Bar No. 21518050
danny@wmalaw.com
J. Mike Amerson
State Bar No. 01150025
mike@wmalaw.com
**WILLIAMS, MORGAN & AMERSON**
10333 Richmond Avenue, Suite 1100
Houston, Texas 77042
Telephone:  (713) 934-7000
Fax:  (713) 934-7011

J. Thad Heartfield
State Bar No. 09346800
thad@jth-law.com
**LAW OFFICES OF J. THAD HEARTFIELD**
2195 Dowlen Road
Beaumont, Texas 77706
Telephone:  (409) 866-3318
Fax:  (409) 866-5789

**ATTORNEYS FOR DEFENDANT
MCAFEE, INC.**

## CERTIFICATE OF SERVICE

  The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 6, 2007.  Any other counsel of record will be served by first class mail.

                /s/ Wayne Maydwell
                Wayne Maydwell

Case 9:06-cv-00174-RC   Document 48   Filed 04/06/07   Page 15 of 15 PageID #: 1016

**DEFENDANT MCAFEE, INC.'S FIRST AMENDED ANSWER TO**
**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**       **PAGE 15**