IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| DEEP NINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 9:06-CV-174 |
| v. | § | |
| | § | |
| MCAFEE, INC., | § | JUDGE RON CLARK |
| | § | |
| Defendant. | § | |

## ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff Deep Nines, Inc. moves for partial reconsideration of the court's June 18, 2008 Order granting in part Defendant McAfee, Inc.'s motion for summary judgment [Doc. # 172]. Deep Nines requests that the court revisit its ruling granting summary judgment on its active inducement of infringement and contributory infringement claims with respect to McAfee's Intrushield device, arguing that these claims were properly presented and therefore not waived. McAfee responds that Deep Nines' arguments could have been raised in its earlier responses but were not, and that Deep Nines did in fact waive its right to present its indirect infringement claims by not properly pleading them.

Because McAfee was on notice of Deep Nines' indirect infringement claims as early as December 2006, even though these contentions were not specifically pled, the court grants the motion and has reconsidered whether summary judgment on Deep Nines' contributory and active inducement of infringement claims with respect to McAfee's Intrushield device and claims 6 and 12 of the '976 patent is appropriate. Because genuine issues of material fact remain, the court will deny summary judgment on these claims.

1

**Discussion**

A.  Applicable Law

Motions for reconsideration "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l. Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989); *see also Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).[1] It is well settled that motions for reconsideration should not be used to raise arguments that could, and should, have been made before entry of judgment or to re-urge matters that have already been advanced by a party. *See Browning v. Navarro*, 894 F.2d 99,100 (5th Cir. 1990). A motion for reconsideration is not "the proper vehicle for rehashing old arguments or advancing legal theories that could have been presented earlier." *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994).

B.  Analysis

   *1.  Reconsideration of the court's prior order*

Deep Nines argues primarily that even though it did not specifically assert either contributory infringement or active inducement of infringement in its Complaint or Amended Complaint, McAfee was on notice that Deep Nines intended to assert these claims based on the parties' December 2006 Joint 26(f) Report and Deep Nines' first set of interrogatories served in February 2007. Additionally, Deep Nines asserts that McAfee was aware of these claims throughout the discovery process and responded to them in its interrogatory responses.

---

[1] A motion for reconsideration is a procedural issue, which is evaluated under Fifth, rather than Federal, Circuit law. *See Pennington Seed, Inc. v. Produce Exch. No. 299*, 457 F.3d 1334, 1340 n.2 (Fed. Cir. 2006).

Deep Nines has raised pertinent arguments in its sur-reply which were not discussed in its response to McAfee's motion for summary judgment. At the same time, McAfee's suggestion that Deep Nines failed to plead contributory or active inducement of infringement was presented for the first time in its reply brief, not in its motion for summary judgment. While the court does not have to wait for reply or sur-reply briefs when ruling on a motion, L.R. CV-7(f), and Deep Nines filed its sur-reply brief almost three hours after the reply deadline had expired,[2] Deep Nines has now brought to the court's attention facts which demonstrate that McAfee was clearly on notice of the indirect infringement claims as early as December 2006.

McAfee's reply brief, while correctly pointing out that Deep Nines never specifically pled these claims, neglected to mention that Deep Nines asserted contributory and active inducement of infringement claims in the parties' Joint 26(f) Report, *see* Doc. # 32 at pp. 1-2, and also defined "infringement" to include contributory and active inducement of infringement in its first set of interrogatories[3]. This omission on the part of McAfee, in combination with Deep Nines' failure to specifically plead either claim in its Complaint or Amended Complaint, resulted in the court's prior ruling.

---

[2]Deep Nines filed its sur-reply at 6:50 p.m. on June 17. While the Local Rules consider documents filed before midnight on the day the document is due to be timely filed, L.R. CV-5(a)(3)(D), the court's Scheduling Order states that all deadlines are "as of 4:00 p.m. on the date specified." Doc. # 37 at p. 1, n.1. However, Deep Nines is not alone in failing to follow the 4:00 p.m. deadline: McAfee filed its reply on June 12 at 4:57 p.m.

[3]Indeed, McAfee adopted an almost identical definition of "infringement" in its own interrogatories, defining the term to encompass "contributory infringement [and] inducement to infringe." Pl. Mot. Reconsideration, Ex. C, at pp. 3-4.

The court therefore finds that McAfee was on notice of Deep Nines' intent to assert contributory and active inducement of infringement claims as early as December 2006 and responded to discovery requests with that knowledge. To now permit McAfee to claim unfair surprise because Deep Nines did not strictly comply with the technical requirements of Rule 8(a)[4], when it was fully aware of Deep Nines' intent to assert these claims, would be unfair.

*2. Analysis of Deep Nines' contributory and active inducement of infringement claims*

McAfee also argues that even in the event the court were inclined to revisit its prior ruling and permit Deep Nines' contributory and active inducement of infringement claims to be heard, no genuine issue of material fact remains and granting summary judgment on these claims is appropriate. Because both parties addressed this argument in their prior briefing, the court will consider it here.

Section 271(c) states that:

> Whoever offers to sell or sells within the United States ... a component of a patented machine, manufacture, combination or composition ... constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

In order to prevail on a claim of contributory infringement, Deep Nines must show that McAfee made and sold the product or device at issue, that said product or device had no substantial non-infringing uses, that McAfee engaged in conduct within the United States that contributed to

---

[4] Deep Nines cites a line of cases from other jurisdictions to support its argument that it actually did comply with Rule 8(a) when it generally pled infringement in its Complaint and Amended Complaint. While the court need not address this argument in order to reach the conclusion here, the court does note that Deep Nines could have avoided any problems in this case simply by asserting contributory and active inducement of infringement in its pleadings.

another's direct infringement, and that a third-party engaged in an act of direct infringement. *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1303 (Fed. Cir. 2006).

Under 35 U.S.C. § 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer." In order to establish liability under Section 271(b), "a patent holder must prove that once the defendants knew of the patent, they 'actively and *knowingly* aid[ed] and abett[ed] another's direct infringement.'" *DSU Med. Corp.*, 471 F.3d at 1305 (citing *Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988))(emphasis in original). Where "an entity offers a product with the object of promoting its use to infringe, as shown by clear expression or other affirmative steps taken to foster infringement, it is then liable for the resulting acts of infringement by third parties." *DSU Med Corp.*, 471 F.3d at 1305-06. In other words, "the intent requirement for inducement requires more than just intent to cause the acts that produce direct infringement. Beyond that threshold knowledge, the inducer must have an affirmative intent to cause direct infringement." *Id.* at 1306.

Based on a careful and thorough review of the record and the arguments presented, the court is persuaded that there are genuine issues of material fact as to whether McAfee actively induces infringement of or contributorily infringes claims 6 and 12 of the '976 patent. Therefore, the court will deny McAfee's motion for summary judgment on these points.

IT IS THEREFORE ORDERED that Plaintiff Deep Nines, Inc.'s Motion for Reconsideration [Doc. # 174] is GRANTED.

IT IS FURTHER ORDERED that Defendant McAfee, Inc.'s Motion for Summary Judgment regarding contributory and active inducement of infringement of claims 6 and 12 of the '976 patent  [Doc. # 141] is DENIED.

So **ORDERED** and **SIGNED** this **1**   day of **July, 2008.**

_____
Ron Clark, United States District Judge